# EXHIBIT "A"

## SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2

**Plaintiff or Plaintiff's Attorney Information:**

Name:

Law Office of Matthew Rose

Address:

209 Main Street
Fort Lee, NJ, 07024

Telephone No.: (201) 482 - 8111

Aurora Ponce
_____, Plaintiff(s)

versus

Financial Recovery Services Inc
Bank of America _____, Defendant(s)

Demand Amount: $ 15000
Filing Fee: $ 50
Service Fee: $
Attorney's Fees: $
TOTAL $ 15050

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**

HUDSON COUNTY

595 Newark Avenue
Jersey City, NJ 07306

(201) 795 -6000

Docket No: DC-016014-11
(to be provided by the court)

### Civil Action
### SUMMONS

(Circle one): ☒ Contract   or   ☐ Tort

**Defendant(s) Information: Name, Address & Phone:**

Financial Recovery Services Inc
4900 Viking Drive. Edina, MN 55435

Bank of America
PO BOX 15019, Wilmington, DE 19850

Date Served: 07/27/2011

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____   Date: _____   Time: _____
WM___WF___BM___BF___OTHER___HT_____WT_____AGE_____MUSTACHE_____BEARD_____GLASSES____
NAME: _____ RELATIONSHIP:_____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Maria Garde, hereby certify that on 07/27/2011, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____
Employee Signature

FILED Jul 22, 2011

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
    Aurora Ponce

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## HUDSON COUNTY

| Aurora Ponce<br>Plaintiff,<br><br>v.<br><br><br><br>Financial Recovery Services, Inc.,<br>Bank of America<br>Defendant (s). | Docket No. DC-016014-11<br><br>PLAINTIFF'S COMPLAINT |
|---|---|

Yaakov Saks Esq.

Yaakov Saks, of full age, hereby certifies as follows:

## Complaint

1. This is an action under the **Fair Debt Collection Practices Act,** hereinafter "FDCPA," 15 U.S.C. § 1692(a) against debt collectors Financial Recovery Services, Inc.
2. This is an action under the **Fair Credit Reporting Act,** hereinafter "FCRA," 15 U.S.C. §1681s-2, against defendants Financial Recovery Services, Inc. and Bank of America.

## Parties

1. Plaintiff, Aurora Ponce, is an adult residing in Hudson County.
2. Defendant Financial Recovery Services, Inc., is located at 4900 Viking Drive, Edina, MN 55435 is a debt collector.
3. Defendant Bank of America is located at PO Box 15019, Wilmington, DE 19850.
4. Defendant Financial Recovery Services, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).
5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

### Factual Allegations.

6. On October 05, 2010, Plaintiff requested validation of the alleged debt.

7. Financial Recovery Services failed to properly validate the debt, sending information regarding an account number that does not, and never did, belong to Plaintiff.

8. Financial Recovery Services, Inc. continued to collect the debt after October 05, 2010, despite Financial Recovery Services, Inc.'s failure to properly validate the debt, in violation of FDCPA § 1692g(b).

9. Nowhere on the letter does Financial Recovery Services provide an account number that has ever belonged to Plaintiff. Despite this, Financial Recovery Services continued collection efforts, notwithstanding Financial Recovery Services' failure to properly validate the debt.

10. Financial Recovery Services' letter notifies Plaintiff that the "account" has "been assigned" to them "for collection." This is a deception intended to create a false belief that Bank of America was the current owner of the debt, and, as such, is a violation of FDCPA § 1692j(a).

11. Additionally, Financial Recovery Services, Inc. and/or Bank of America have violated the FCRA by having this debt on Plaintiff's credit report despite the fact that a letter disputing this debt was sent to Financial Recovery Services, Inc. on October 05, 2010.

12. Defendant Financial Recovery Services, Inc. misrepresented the amount owed if indeed any debt exists. Financial Recovery Services, Inc. failed to properly validate the debt.

### Claims for Relief

Upon a consumer's timely request for validation of the debt FDCPA 15 U.S.C. § 1692g(b) prohibits a debt collector from attempting to collect a debt until such validation is made and furnished to the consumer. In violation of § 1692g(b), Financial Recovery Services, Inc. continued to attempt to collect the debt despite their failure to validate the debt.

Financial Recovery Services violated FDCPA § 1692j(a) by furnishing a deceptive form intended to create the false belief in Plaintiff that Bank of America currently owned the debt.

The FDCPA § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Financial Recovery Services, Inc. is illegally attempting to collect on a debt that does not belong to Plaintiff. During communication with Plaintiff, Financial Recovery Services, Inc. provided an account number that has never belonged to Plaintiff. Not only are they attempting to collect this money from Plaintiff, but Defendant has also illegally and falsely reported this information to credit agencies.

Additionally, Financial Recovery Services, Inc. is liable under FDCPA 15 U.S.C. § 1692e(2) for misrepresenting the amount owed on the alleged debt, if indeed any debt exists. When given the chance to validate the debt pursuant to counsel's debt validation request, Financial Recovery Services, Inc. failed to properly do so.

Finally, Financial Recovery Services, Inc. and/or Bank of America are liable under FCRA 15 U.S.C. § 1681s-2. This debt is being reported illegally on the credit

report by the party in charge of furnishing credit information. This is an account that was disputed in a letter sent to Financial Recovery Services, Inc. on September 13, 2010 and the credit report still does not reflect this dispute of the account. If Financial Recovery Services, Inc. is not the party in charge of furnishing information to the credit agencies it should update the original creditor that they are required to do so.

As a result of the above violations of the FDCPA, and FCRA the defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000 per violation of the FDCPA, as well as $1,000 per violation of the FCRA and costs and attorneys fees.

Wherefore, Plaintiff respectfully submits that judgment in a sum of $15,000 to be entered against the Defendants for the following:

    A. Actual Damages resulting from the drop in Plaintiff's credit score, and his inability to continue his normal way of life.

    B. Actual Damages resulting from Plaintiff's inability to gain credit.

    C. Actual Damages resulting from a denial from a potential loan modification due to the negative credit reporting.

    D. Actual damages in the form of emotional damages for the stress and placed upon Plaintiff from all the illegal collection efforts.

    E. Statutory Damages pursuant to 15 U.S.C. § 1692(k) up to $1000 per violation.

    F. Statutory Damages under 15 U.S.C. § 1681 up to $1000 per violation.

    G. Filing and attorneys fees.

    H. For such other and further relief as may be just and proper.

Respectfully submitted,   Law Offices of Matthew E. Rose Esq.
Attorneys for Plaintiff
Aurora Ponce
By:___Yaakov Saks_ July 11, 2011

Rule 4:51-1 Certification
     The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 07/11/2011     Signature: _____

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

## Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Financial Recovery Services Inc is located at 4900 Viking Drive. Edina, MN 55435

2. Financial Recovery Services Inc does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 07/18/2011      Signature: _____
                                 Yaakov Saks

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

## Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Bank of America is located at PO BOX 15019, Wilmington, DE 19850

2. Bank of America does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 07/13/2011  Signature: _____
             Yaakov Saks

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201) 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
    Aurora Ponce

RECEIVED #25
JUL 2 2 2011
SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

July 12, 2011

Dear Sir/Madam:

Enclosed please find Plaintiff's complaint.
Additionally, enclosed is a summons and out of state certification for 2 defendants.

Very truly yours,
The Law Office of Matthew E. Rose

Yaakov Saks
For the Firm

THE SUPERIOR COURT OF NEW JERSEY
Law Division, Special Civil Part

## SUMMONS

**YOU ARE BEING SUED!**
IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **You are cautioned that if you do not answer the complaint, you may lose the case automatically,** and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $ 15.00     filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done **within 35 days (including weekends)** from the date you were "served" (sent the complaint). That date is noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. **You do not have to do this unless you want to.** This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35 day period for filing an answer unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at _____**(201) 792-6363**_____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____**(201) 798-2727**_____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

Clerk of the Special Civil Part

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02   P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

---

### EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
División de Derecho, Parte Civil Especial

### NOTIFICACIÓN DE DEMANDA

---

### ¡LE ESTÁN HACIENDO JUICIO!
SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. **Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente** y el tribunal dé al demandante lo que pide más intereses y costas. Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) embargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

Usted puede escoger entre las siguientes opciones:

1. *Contestar la demanda*. Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la derección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de $ 15.00    dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. Tiene 35 días (que incluyen fines de semana) para hacer los trámites a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se anota en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

2. *Resolver la disputa*. Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. **No tiene que hacerlo si no quiere.** Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

3. *Conseguir un abogado*. Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al **(201) 792-6363**   . Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al **(201) 798-2727**   .

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

_____
Secretario de la Parte Civil Especial

---

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02  P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

# TRIAL ADJOURNMENT PROCEDURE
# FOR HUDSON COUNTY

Until further notice, the following procedure is to be followed when requesting an adjournment of a scheduled trial date in the Superior Court, Law Division Civil or Special Civil Part.

Any request for an adjournment in the Law Division Civil is to be made in writing or by FAX [(201) 217-5249], addressed to Antoinette Outwater, Civil Division Manager, attention Tracey Pignatelli, Trial Calendar Coordinator, 583 Newark Avenue, Jersey City, New Jersey, 07306. For a trial date scheduled in the Special Civil Part, the adjournment request is to be directed to Rupert Haller, Assistant Civil Division Manager, attention Donna Koncewicz, Special Civil, again in writing or by FAX [(201) 795-6053]. Requests are to include the following information:

a) Name of case and docket number;
b) Scheduled trial date;
c) Name of party requesting the adjournment;
d) The specific reason(s) for the adjournment; and
e) A representation to the court that the requesting party has informed all other parties of the request for adjournment.

The party requesting the adjournment should first contact all adversaries advising them of the trial readiness problem and attempt to reach an agreement as to when all parties will be ready to proceed with the trial not later than 30 days after the date presently scheduled. This will require all involved persons to contact their respective clients and witnesses. The requesting party should advise in the letter requesting the adjournment that he/she has conversed with all other parties and that they have or have not consented to the adjournment request and/or have or have lot agreed upon a new trial date.

No one should assume that the adjournment request will be granted. Adjournments shall be confirmed or denied by the court by telefax or telephone communication to the party who requested the adjournment. **For your information, your request for any adjournment will be initially acted upon by a court staff person. If you are aggrieved by the determination that is made, you should then request that your application be presented to the Presiding Judge for consideration. In that event, the Presiding Judge will make the ultimate decision on your adjournment request and you will be advised accordingly.** It shall then be the obligation of the requesting party to timely advise all other parties whether the adjournment request was granted or denied and, if granted, to advise of the new trial date fixed by the court.

**All requests for adjournment of hearings, trials and complementary dispute resolution events shall be made to the clerk's office as soon as the need is known, but absent good cause for the delay not less than 5 days before the scheduled court event. (R 6:4-7)**

If an attorney is designated as trial counsel and is actually in trial elsewhere in the Superior Court, Hudson County will mark its case Aready hold≈, subject to counsel's trial availability. Likewise, if an attorney is designated as trial counsel and is scheduled for trial on an older case on the same day but in a different county, then Hudson County will mark its case Aready hold≈, subject to counsel's disposition of the older case.

Effective: May 2003 (revised 03/04/09)                              Peter Bariso, J.S.C.